UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LUIZ SUAREZ,

    Plaintiff,

v.                        Case No. 8:11-cv-2295-T-33TGW

DON PAN TAMPA, a Florida
Corporation, and MYRIAN KISER,
individually,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Motion to Set Aside Default (Doc. # 10), filed on November 28, 2011. Plaintiff Jose Luiz Suarez did not timely file a response to the Motion. For the reasons that follow, the Court grants the Motion.

**I.   Procedural History**

Suarez filed suit against Defendants in this Court on October 11, 2011, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Defendants were served on October 19, 2011 (Doc. ## 4-5), making their responses due on November 10, 2011. Defendant Myrian Kiser accepted service on behalf of Defendant Don Pan Tampa as an "officer." (Doc. # 5).

Suarez filed a Motion for Clerk's Default against Defendants on November 15, 2011 (Doc. # 6), which this Court

granted on November 16, 2011 (Doc. # 7). The Clerk entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) on November 17, 2011 (Doc. ## 8-9).

## II. Analysis

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) (Because "this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

In addition, Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause." The Eleventh Circuit has noted that:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are

2

> commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. . . . [I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

<u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951-52 (11th Cir. 1996) (internal citations omitted).

In the Motion, Defendants state that after being served with the complaint, Kiser directly contacted Plaintiff's counsel on October 31, 2011, believing this to satisfy the requirement described in the summons. (Doc. # 10 at ¶ 2). Kiser therefore did not file anything with the Court. (<u>Id.</u> at ¶ 3). Defendants retained counsel after default was entered and promptly filed the instant Motion (<u>Id.</u> at ¶ 5-7). Defendants note that in communicating with Plaintiff's counsel, Kiser explained that Suarez was exempt from the overtime requirements of the FLSA and provided factual support for this defense. (<u>Id.</u> at 3).

Upon due consideration, the Court finds that Defendants have demonstrated good cause to support their request to set aside the default entered against them by the Clerk. The Court therefore grants the Motion. The Clerk is directed to set

aside entry of default. Defendants are directed to file a responsive pleading within 21 days of the date of this Order.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Set Aside Default (Doc. # 10) is **GRANTED**.

(2) The Clerk is directed to set aside entry of default (Doc. ## 8-9).

(3) Defendants are directed to file a responsive pleading on or before January 19, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of December 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

4